# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Machinery Solutions, Inc., Frank Carl Amick, and James B. Dubose, ) ) ) | Civil Action No. 3:16-cv-02718-JMC |
| Plaintiffs, ) | |
| v. ) ) | |
| Doosan Machine Tool America Corporation ) f/k/a Doosan Infracore America ) Corporation, ) ) | **ORDER AND OPINION** |
| Defendant. ) ) | |

Plaintiffs Machinery Solutions, Inc. ("MSI"), Frank Carl Amick and James B. Dubose (collectively "Plaintiffs") filed this action seeking a declaration that they do not owe $657,678.00 to Defendant Doosan Machine Tool America Corporation ("DMTAC" or "Defendant") f/k/a Doosan Infracore America Corporation. (ECF No. 1-1.)

This matter is before the court by way of DMTAC's Motion to Dismiss the Complaint with Prejudice pursuant to Rules 8(a), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 5.) For the reasons set forth below, the court **GRANTS IN PART** and **DENIES IN PART** DMTAC's Motion to Dismiss.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

On June 27, 2016, Plaintiffs allege that Frank Carl Amick and James B. Dubose received a demand letter (the "June Letter") from DMTAC's attorney requesting that Plaintiffs pay $657,678.00 to DMTAC by July 5, 2016.[1] (ECF No. 1-1 at 5 ¶ 2.) Plaintiffs further allege that

---

[1] The court observes that the June Letter was not attached to the Complaint. Defendant attached the June Letter as an exhibit to the Motion to Dismiss and it provides:

they do not owe DMTAC money because "[t]here is presently a suit pending . . . in which MSI has asserted that Defendant owes it a sum far exceeding all that is claimed in the June 27, 2016 demand" and "MSI is entitled to offset any amounts it might possibly owe to Defendant."  (Id. at 5 ¶ 3–6 ¶ 4.)

On July 1, 2016, Plaintiffs filed a declaratory judgment action in the Lexington County (South Carolina) Court of Common Pleas captioned Machinery Solutions, Inc. v. Doosan Infracore America Corporation, Case No.: 2016-CP-32-02317 (Lexington Cnty. C.P. July 1, 2016).  After removing the matter to this court on August 3, 2016 (ECF No. 1), DMTAC filed the instant Motion to Dismiss "on the grounds that the Complaint fails to state a plausible claim for relief and that this Court lacks subject matter jurisdiction over the Declaratory Judgment claim."  (ECF No. 5 at 1.)  More specifically, Defendant asserts as follows:

> First, the Complaint should be dismissed under Fed. R. Civ. P. 8(a) and 12(b)(6) because Plaintiffs have failed to state a plausible or comprehensible claim for relief.  Second, the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) because this Court lacks subject matter jurisdiction over the Declaratory Judgment claim.  The claim is not ripe because it is premised on hypothetical future events that may never occur, and the Plaintiffs lack standing to bring the claim.  Even if the Court has jurisdiction, it should decline to review the claims for prudential reasons, including that a judgment will not serve a useful purpose in clarifying and settling the legal relations in issue and will not afford relief from uncertainty. Finally, the Complaint should be dismissed on equitable grounds because this claim is in direct contradiction to relief MSI previously sought.

> We, along with Nexsen Pruet, LLC, represent Doosan Machine Tools America Corporation ("Doosan").  We write to demand, as reflected in the enclosed Statement of Account, that MSI pay $657,678.00 to Doosan to be received by no later than July 5, 2016.  Doosan believes that this amount has already been paid to MSI, yet MSI has improperly failed to remit it to Doosan.  If this amount is not paid in full by July 5, 2016, Doosan intends to take legal action against MSI as well as Frank Carlton Amick and James E. DuBose, each of whom has provided a Limited Guaranty (also enclosed).  All rights and remedies are reserved.

(ECF No. 5-1 at 2.)  In reviewing a Rule 12(b)(6) dismissal, the court may "consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic."  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citation omitted).

(ECF No. 5 at 2–3.) Plaintiffs filed opposition to the Motion to Dismiss on August 29, 2016, asserting that the court should exercise its discretion and not dismiss this declaratory judgment action for the following reasons:

> First, we suggest that any refusal to exercise jurisdiction and accept this case at this very preliminary stage of the litigation would be inappropriate. Second, judicial efficiency would certainly dictate that all issues regarding the relationship between MSI and Doosan should be resolved in the same court so that some other court does not or is not required to determine and defer all those issues which are already being addressed in the suit in federal court (C/A No. 3:15-cv-03447-JMC). Unlike the argument made by Doosan in its Memorandum, we suggest that a determination of liability and damages in the pending suit will afford a primary answer to all the litigation and might render any other issues moot.

(ECF No. 7 at 10.) On September 9, 2016, DMTAC filed a Reply in support of dismissal. (ECF No. 10.)

## II.    JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) based on DMTAC's allegations that there is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs. (See ECF No. 1 at 2 ¶ 3.) MSI is a corporation organized under the laws of South Carolina with its principal place of business in Lexington County, South Carolina. (ECF No. 1-1 at 5 ¶ 1.) Frank Carl Amick, and James B. Dubose live and work in Lexington County, South Carolina (Id.) DMTAC is incorporated in the State of New York and has its principal place of business in Suwanee, Georgia. (ECF No. 1 at 2 ¶ 3a.) Moreover, the court is satisfied that the amount in controversy exceeds $75,000.00 in accordance with DMTAC's representation. (Id. at ¶ 3b.)

## III.    LEGAL STANDARD

A.    Declaratory Judgment Actions

Under the Declaratory Judgment Act, a district court, in a case or controversy otherwise

3

within its jurisdiction, "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941) (citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239–42 (1937)). "[T]he dispute [must] be 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" Medimmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126 (2007) (quoting Haworth, 300 U.S. at 240–41).

The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (quoting Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)). Courts have long interpreted the Act's permissive language "to provide discretionary authority to district courts to hear declaratory judgment cases." United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493 (4th Cir. 1998). "[A] declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)).

The Declaratory Judgment Act . . . is not an independent source of federal jurisdiction. Carolina Water Serv., Inc. v. McCarthy, C/A No. 3:15-cv-04919-MBS, 2016 WL 5661699, at *10 (D.S.C. Sept. 29, 2016) (citing Schilling v. Rogers, 363 U.S. 666, 677, (1960)).  "It also does not create substantive rights; it is merely 'a procedural device that enhances the remedies available' to plaintiffs in federal court."  Id. (quoting Stewart v. Potts, 983 F. Supp. 678, 685 (S.D. Tex. 1997)).

B.     Rule 12(b)(1) Motions Generally

Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "cases" and "controversies."  U.S. Const. art. III, § 2.  "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction."  Pinkley, Inc. v. City of Fredrick, Md., 191 F.3d 394, 399 (4th Cir. 1999).  A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it.  Fed. R. Civ. P. 12(b)(1).  In determining whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).  "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Id. (citation omitted).  The plaintiff bears the burden of proof on questions of subject matter jurisdiction.  See Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

Standing implicates the court's subject matter jurisdiction and is governed by Rule 12(b)(1).  Crumbling v. Miyabi Murrells Inlet, LLC, C/A No. 2:15-cv-4902-PMD, 2016 WL

3351351, at *1 (D.S.C. June 16, 2016). "It is well established that standing is a threshold jurisdictional issue that must be determined first because '[w]ithout jurisdiction the court cannot proceed at all in any cause.'" Covenant Media of N.C., LLC v. City of Monroe, N.C., 285 F. App'x 30, 34 (4th Cir. 2008) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)). "To possess the constitutional component of standing, a party must meet three requirements: (1) [the party] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." McBurney v. Cuccinelli, 616 F.3d 393, 410 (4th Cir. 2010) (citing, e.g., Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180–81 (2000)).

C.     Rule 12(b)(6) Motions Generally

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). "In considering a 12(b)(6) challenge to the sufficiency of a complaint, this Rule must be applied in conjunction with the liberal pleading standard set forth in Federal Rule of Civil Procedure 8(a)." Jenkins v. Fed. Bureau of Prisons, C/A No. 3:10-1968-CMC-JRM, 2011 WL 4482074, at *2 (D.S.C. Sept. 26, 2011). Rule 8(a) provides that to be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

6

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

### IV.   ANALYSIS

In this matter, Plaintiffs seek a declaration that they do not have to pay $657,678.00 owed to Defendant because Plaintiffs have a pending lawsuit against Defendant for an alleged amount greater than $657,678.00.  In support of this objective, Plaintiffs allege that they are "entitled to await a determination of the amount of [] [their] own claim against Defendant before having to pay Defendant anything."  (ECF No. 1-1 at 6 ¶ 5.)  Plaintiffs further allege that they are "entitled to offset any amounts [] [they] might possibly owe Defendant."  (Id. at ¶ 4.)  In this regard, the only identifiable claim made by Plaintiffs is for offset, or "set-off" as it is also known.

Upon review of the entirety of the Complaint, the court is persuaded that Plaintiffs have suffered an injury in fact that is causally related to Defendant's conduct.  More specifically, by combining Defendant's threat of litigation in the June Letter (ECF No. 5-1 at 2) with the allegations in the Complaint that "MSI faces the immediate threat of a suit if this Court does not

7

address the matter" and that "Plaintiff[]s Amick and Dubose may be responsible for paying certain expenses and attorney fees to Defendant" (ECF No. 1-1 at 6 ¶ 5 & 7 ¶ 8), Plaintiffs establish that the civil liability they face is "actual" and "imminent" and their "injury will be redressed by a favorable decision" against Defendant.  E.g., Grimm v. Shroyer, 35 F. Supp. 2d 966 (E.D. Ky. 1999) ("In certain contexts . . . the threat of impending litigation can be sufficient to meet the 'injury-in-fact' requirement."); cf. Lujan v. Defenders of Wildlife, 504 U.S. 555, 564 (1992) ("'[S]ome day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require.") (citation omitted).  Accordingly, the court finds that Plaintiffs have standing to maintain this lawsuit.

While Plaintiffs may have standing as to this declaratory judgment action, their Complaint fails to state a claim upon which relief can be granted for several reasons.  First, because they initiated the instant litigation, Plaintiffs cannot assert a claim for set-off.  See, e.g., Studley v. Boylston Bank of Boston, 229 U.S. 523, 528 (1913) ("[A] set-off is a counterclaim which the defendant may interpose by way of cross-action against the plaintiff.  But, broadly speaking, it represents the right which one party has against another to use his claim in full or partial satisfaction of what he owes to the other."); First Nat'l Bank of Louisville v. Master Auto Serv. Corp., 693 F.2d 308, 310 n.1 (4th Cir. 1982) ("A set-off is a counterclaim arising from an independent claim the defendant has against the plaintiff.  Recoupment is the right of the defendant to have the plaintiff's monetary claim reduced by reason of some claim the defendant has against the plaintiff arising out of the very contract giving rise to the plaintiff's claim.") (citing 6 C. Wright & A. Miller, Federal Practice and Procedure, Civil § 1401 (1971 & Supp. 1982)).  Second, because the amount of their alleged claim against Defendant is uncertain due to

the still pending litigation between the parties, Plaintiffs cannot properly allege a claim for set-off even if it was available to them.  Holley v. Rabb, 46 S.C.L. 185, 187 (S.C. 1859) ("That a set-off must be a subsisting demand and due at the commencement of the plaintiff's action, is a doctrine that has been too long and too firmly established to be doubted; and in this respect our own decisions are in conformity with the English.").  As a result of the foregoing, the court finds that Plaintiffs are unable to state a legally cognizable claim for set-off and, therefore, are unable to state a claim for declaratory relief.

## V.     CONCLUSION

Upon careful consideration of the allegations in the Complaint (ECF No. 1-1) and the arguments of the parties, the court **GRANTS** Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) and **DISMISSES** this matter.  (ECF No. 5.)  The remaining aspects of Defendant's Motion are **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 21, 2017
Columbia, South Carolina