UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Machinery Solutions, Inc., Frank Carl Amick, and James B. Dubose, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>Doosan Machine Tool America Corporation )<br>f/k/a Doosan Infracore America )<br>Corporation, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 3:16-cv-02718-JMC<br><br><br><br><br>**ORDER AND OPINION** |

Plaintiffs Machinery Solutions, Inc. ("MSI"), Frank Carl Amick and James B. Dubose (collectively "Plaintiffs") filed this action seeking a declaration that they do not owe $657,678.00 to Defendant Doosan Machine Tool America Corporation ("DMTAC" or "Defendant") f/k/a Doosan Infracore America Corporation. (ECF No. 1-1.)

This matter is before this court by way of Plaintiffs' Motion to Alter or Amend pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e) Motion[1]"). (ECF No. 14.) Specifically, Plaintiffs seek to alter or amend the court's Order entered on March 21, 2017 (the "March Order"), that granted Defendant's Motion to Dismiss (ECF No. 5) and dismissed the matter. Defendant opposes Plaintiffs' Motion to Alter or Amend asserting that they have failed to offer an appropriate basis for granting the requested relief. (ECF No. 15.) For the reasons set forth below, the court **GRANTS IN PART** Plaintiffs' Rule 59(e) Motion.

I. **BACKGROUND RELEVANT TO PENDING MOTION**

On June 27, 2016, Plaintiffs allege that Frank Carl Amick and James B. Dubose received

---

[1] The court observes that from this point forward, "Rule" refers to the Federal Rules of Civil Procedure.

1

a demand letter (the "June Letter") from Defendant's attorney requesting that Plaintiffs pay $657,678.00 to Defendant by July 5, 2016. (ECF No. 1-1 at 5 ¶ 2.) On July 1, 2016, Plaintiffs filed a declaratory judgment action in the Lexington County (South Carolina) Court of Common Pleas captioned *Machinery Solutions, Inc. v. Doosan Infracore America Corporation,* Case No.: 2016-CP-32-02317 (Lexington Cnty. C.P. July 1, 2016). Plaintiffs sought a declaration that MSI does not have to pay $657,678.00 owed to Defendant because Plaintiffs have a pending lawsuit against Defendant for an alleged amount greater than $657,678.00. Plaintiffs alleged that MSI is "entitled to await a determination of the amount of its own claim against Defendant before having to pay Defendant anything." (ECF No. 1-1 at 6 ¶ 5.) Plaintiffs further alleged that MSI is "entitled to offset any amounts it might possibly owe to Defendant." (*Id.* at ¶ 4.) In this regard, the only identifiable claim made by Plaintiffs was for offset, or "set-off" as it is also known.

After removing the matter to this court on August 3, 2016 (ECF No. 1), Defendant filed a Motion to Dismiss "on the grounds that the Complaint fails to state a plausible claim for relief and that this Court lacks subject matter jurisdiction over the Declaratory Judgment claim." (ECF No. 5 at 1.) Thereafter, the court entered the March Order and dismissed Plaintiffs' Complaint with prejudice. (ECF No. 12.) On April 17, 2017, Plaintiffs filed the instant Motion to Alter and Amend. (ECF No. 14.)

## II. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) based on Defendant's allegations that there is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs. (*See* ECF No. 1 at 2 ¶ 3.) MSI is a

corporation organized under the laws of South Carolina with its principal place of business in Lexington County, South Carolina. (ECF No. 1-1 at 5 ¶ 1.) Frank Carl Amick, and James B. Dubose live and work in Lexington County, South Carolina. (*Id.*) Defendant is incorporated in the State of New York and has its principal place of business in Suwanee, Georgia. (ECF No. 1 at 2 ¶ 3a.) Moreover, the court is satisfied that the amount in controversy exceeds $75,000.00 in accordance with DMTAC's representation. (*Id.* at ¶ 3b.)

### III.   LEGAL STANDARD

Plaintiffs seek to alter or amend the March Order pursuant to Rule 59(e). Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

### IV.   ANALYSIS

A.   <u>The Parties' Arguments</u>

In their Rule 59(e) Motion, Plaintiffs first argue that the March Order "in its current form

could have the unintended consequence of preventing" them from raising set-off in Defendant's subsequently filed action[2] in which it seeks "damages that include the amount of money set forth in the June [] [L]etter." (ECF No. 14-1 at 2–3.) Plaintiffs specify that by finding in the March Order (*see* ECF No. 12 at 8–9) that a claim for set-off requires a sum certain, the court "creates a potential problem" because Defendant "may attempt to argue that the Court's ruling in the Motion to Dismiss in this action precludes MSI from asserting its set-off claim as a defense in [the subsequently filed] Case 2." (ECF No. 14-1 at 3.) Therefore, Plaintiffs ask the court to amend the March Order to remove the finding that set-off requires a sum certain.

Plaintiffs next assert that the March Order's finding that set-off requires a sum certain "is too restrictive and does not constitute the law of South Carolina." (*Id.* at 2.) Plaintiffs argue that the court's citation to *Holley v. Rabb*, 46 S.C.L. 185, 187 (S.C. 1859) (*see* ECF No. 12 at 9), was erroneous because the case "does not stand for the proposition that the exact amount of a set-off must be known in order to assert a set-off defense." (*Id.* at 5.) Plaintiffs further argue that *Bryce v. Parker*, 11 S.C. 337, 341 (1879), is "the law of this State" and supports the proposition "that a set-off defense is proper, even if the precise amount of the claimed set-off cannot be stated when the defense is asserted." (ECF No. 14-1 at 6.)

Finally, Plaintiffs argue that "MSI's decision to assert set-off as a claim rather than a defense was proper." (ECF No. 14-1 at 2.) In support of their argument, Plaintiffs maintain that before Defendant filed Case 2, it was proper for MSI to bring its own claims for set-off. (*Id.* at 7.)

Defendant opposes Plaintiffs' Rule 59(e) Motion asserting that it "does not include any legal authority to support an argument that Rule 59(e) entitles Plaintiffs to relief nor do Plaintiffs specifically identify under which of the three required bases Plaintiffs are moving." (ECF No. 15 at

---

[2] *Doosan Mach. Tools Am. v. Mach. Sol. Inc.*, C/A No. 3:17-cv-00876-JMC (D.S.C. 2017).

4

5.) Moreover, Defendant asserts that the court "did not commit clear error by citing to *Holley* because the reasoning relied on by the Court is echoed in *Hammond*, which was cited in the Motion to Dismiss, as well as many other cases." (*Id.* at 12.)

B.     The Court's Review

The premise of Plaintiffs' Motion is that the court should alter or amend the March Order's finding that set-off is not a standalone claim and requires a sum certain because it constitutes a clear error of law,[3] ignores new evidence and/or inflicts manifest injustice on Plaintiffs.[4] To support their Motion, Plaintiffs expressly rely on *Bryce v. Parker* in which the South Carolina Supreme Court observed:

> It was also insisted that the counter claim could not be admitted, because it was based upon a claim for "unascertained damages," and this view would seem to be sustained by certain language used in *Gibbs v. Mitchell*, 2 Bay 351. But that case has, in this respect, been modified by the recent case of *Haynes v. Prothro*, 10 Rich. 318, in which it was expressly held that unascertained damages arising ex contractu are admissible as a set-off, and it is there said that so much of the case of *Gibbs v. Mitchell* as announced a contrary doctrine was a mere dictum, and was of no authority. So that even prior to the adoption of the code of procedure this objection could scarcely be sustained. Since the code, however, we do not see how there can be a question upon the subject, for if the counter claim is based upon a cause of action arising on a contract, by the express terms of that statute it may be pleaded to an action on a contract, whether the damages be liquidated or unliquidated, ascertained or unascertained. Accordingly in *Pomeroy on Rem.*, § 798, p. 817, it is said: "It may be stated as the universal rule that, in an action on contract to recover debt or unliquidated damages, the defendant may counter

---

[3] Clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336 (4th Cir. 2008) (internal quotation marks omitted); *see also United States v. Martinez–Melgar*, 591 F.3d 733, 738 (4th Cir. 2010) ("[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole.") (internal quotation marks omitted); *Miller v. Mercy Hosp., Inc.*, 720 F.2d 356, 361 n.5 (4th Cir. 1983) (explaining that a district court's factual finding is clearly erroneous if "the finding is against the great preponderance of the evidence") (internal quotation marks omitted).

[4] Manifest injustice occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).

claim debt or damages arising on another contract, whether such damages are unliquidated or ascertained."

11 S.C. 337, 341.

In response to Plaintiffs' citation to *Bryce*, the court conducted an additional review of South Carolina appellate court decisions regarding set-off.[5] From this review, the court reaffirmed that set-off is generally considered an affirmative defense or counterclaim. *See, e.g., Carolina Mech. Contractors, Inc. v. Yeargin Constr. Co., Inc.*, 198 S.E.2d 224, 230 (S.C. 1973) ("In a situation where a plaintiff supposedly owes a defendant monies, but nevertheless brings a suit in contract against the defendant, the proper defense to the action is a counterclaim or a set-off."); *Mills v. Carrier*, 9 S.E. 350, 352 (S.C. 1889) ("The rule seems to be that, if the plaintiff's cause of action arises on contract, any counter-claim, legal or equitable, or set-off, also arising on contract, is admissible, (Code, § 171,) provided the general rule applicable in such cases is complied with, to-wit: 'That the relief granted to the defendant shall in some manner interfere with, lessen, or modify, if not destroy, that otherwise obtained by the plaintiff,' . . . ."); *Haynes v. Prothro*, 10 Rich. 318, 321 (S.C. 1857) ("A set-off means a counter demand which the defendant has against the plaintiff; . . . ."); *see also Setoff*, Black's Law Dictionary (10th ed. 2014) ("A defendant's counterdemand against the plaintiff arising out of a transaction independent of the plaintiff's claim.").

---

[5] The court sits in diversity jurisdiction, thus state substantive law must be used to adjudicate Plaintiffs' state law set-off claim. *See Auer v. Kawasaki Motors Corp.*, 830 F.2d 535, 537 (4th Cir. 1987) (". . . a federal court called upon to adjudicate a state law claim in the diversity jurisdiction must apply the relevant state law in determining the substantive rights and duties of the parties, while applying federal law to matters of procedure.") (citing *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938)); *Charnley v. Sibley*, 73 F. 980, 982 (7th Cir. 1896) ("The right of set-off, except as it is enforced in equity, is a matter of local legislation, and the federal courts, sitting in any state, when dealing with the subject, will follow the rules established by the tribunals of the state.") (citation omitted).

Additionally, the court was able to discern in the decisions subsequent to *Bryce* that South Carolina appellate courts appear to take the position that the kind of set-off–whether legal, equitable, by statute or by contract–determines the type of damages that have to be alleged. *Compare Elliott v. Carroll*, 173 S.E. 908, 916 (S.C. 1934) ("Cross demands and counterclaims, whether arising out of the same or wholly disconnected transactions, and whether liquidated or unliquidated, may be enforce[d], by way of set-off, whenever the circumstances are such as to warrant the interference of equity to prevent wrong and injustice.") (quoting *N. Chi. Rolling-Mill Co. v. St. Louis Ore & Steel Co.*, 152 U. S. 596, 615 (1894)) *and Carwile v. Metro. Life Ins. Co.*, 134 S.E. 285, 291 (S.C. 1926) ("The courts have uniformly applied the principle of equitable set-off with great liberality to prevent injustice even in the cases where elements requisite to legal set-off have been lacking.") *with W.L. Brissey Lumber Co. v. Crowther*, 133 S.E. 208, 209–10 (S.C. 1926) ("The set-off arose out of statute; the doctrine of recoupment was of judicial origin. (2) Set-off must be of a sum liquidated and certain; recoupment was for unliquidated damages. (3) Set-off must arise out of some other contract than the one sued on; the claim for recoupment could arise only out of the same contract. (4) The defendant, pleading a set-off, could recover the excess of his claim over that of the plaintiff.").

In this matter, Plaintiffs alleged set-off by application of law and/or contract. (*See* ECF No. 1-1 at 6 ¶ 4 ("[A]ll amounts claimed by Defendant now, or in the future, are subject to offset under common principles of law and under Paragraph 3d of Remark C64 which was part of the sales for which it understood that Defendant[] now makes its claims.").) Because it appears that *Bryce* is still good law as to set-off by contract and affirmatively holds without exception that a set-off by contract allows for claims of unliquidated damages, the court concludes that the March Order's finding regarding a sum certain is clear error of law.

7

## V. CONCLUSION

Based on the aforementioned reasons, the court **GRANTS IN PART** Plaintiffs' Motion to Alter or Amend the Order entered on March 21, 2017. (ECF No. 14). Accordingly, the court strikes from the March Order the sentence stating that "[s]econd, because the amount of their alleged claim against Defendant is uncertain due to the still pending litigation between the parties, Plaintiffs cannot properly allege a claim for setoff even if it was available to them." (ECF No. 12 and 8–9.) The remaining aspects of Plaintiffs' Motion are **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 2, 2018
Columbia, South Carolina